No. 496

PALMER-BLAIR CO. v. TOLEDO MANTEL & TILE CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1441.    Decided Dec. 1, 1924.

707. LEASES—That lease on certain premises is to be released before executing deed for new property, held to be a good condition precedent, and failure to procure the release warrants non-execution of deed.

225. CHARGE TO JURY—Held erroneous, as did not define specifically, all the issues in the case.

The Toledo Mantel and Tile Co. occupied premises located on Superior Ave., in Toledo under a lease in which The Palmer-Blair Co. and the E. H. Close Realty Co. were the lessors. The Tile Co. desiring to obtain cheaper quarters procured the services of the Palmer-Blair Co. to acquire property. After interviews with various owners, the Palmer-Blair Co. and the Tile Co. agreed to purchase Ontario property for $32,500, subject to consent of the owner, and the release of the lease of the Superior Ave. property by both the Palmer Co. and the Tile Co.

The written proposal between Palmer-Blair Co. and the Tile Co. was never consummated, nor was the lease on the Superior Ave. property ever released. It seems that the Palmer-

Blair Co. had entered into a contract, secured several days before the proposition was entered into with the Tile Co., a 99 year lease with privilege of purchase in 5 years for $30,000 by the Palmer-Blair Co. and two other individuals with whom it had gone into the deal. The Tile Co. claimed that the Palmer-Blair Co did not act in good faith; such as should exist between principal and agent, and asked that the property in the hands of the Palmer-Blair Co. should be impressed with a trust in its favor. The Lucas Common Pleas rendered judgment in favor of the Tile Co. in the sum of $5,000.

Error was prosecuted and the Palmer-Blair Co. contended that the condition, to-wit: the release of the lease, had never been performed; that the E. H. Close Realty Co. had never agreed to release the lease on the Superior property until a suitable tenant had been found, such tenant never being found. The Palmer-Blair Co. also contended that it was not the agent of the Tile Co. and that it had never promised to secure a release on the Superior property if allowed to handle the deal with the Tile Co., as claimed by the latter. The Court of Appeals held:

1. No matter what the evidence might show with relation to the subject of agency the Tile Co. could not prevail without showing, either a release of the lease or that the Palmer-Blair Co. had obligated itself to procure such release.

2. Charge of the court was erroneous in that it did not define the specific issues in the case and is subject to criticisms contained in B. & O. R. R. Co. v. Lockwood 72 OS. 586. Judgment reversed.

Attorneys—Charles K. Friedman, Stanley M Friedman, Ritter & Schminck for Palmer-Blair Co., Charles A. Thatcher and Charles A. Meck, for Tile Co., all of Toledo.